MORALES, PETICIONARIO Y APELANTE, *v.* ROMEU, OPOSITOR Y
APELADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez
en procedimiento sobre declaratoria de herederos.

MOCIÓN del opositor y apelado para que se desestime la
apelación.

No. 1819.—Resuelto en abril 22, 1918.

APELACIÓN—SENTENCIA EN SU TOTALIDAD—PARTE DE LA MISMA.—El artículo 296
del Código de Enjuiciamiento Civil da a un apelante la opción de recurrir
de la sentencia en su totalidad que le perjudique o de cualquiera parte de
la misma que le cause perjuicio.

JURISDICCIÓN—CORTE SUPREMA—IDENTIFICACIÓN A LA SENTENCIA APELADA.—La
Corte Suprema de Puerto Rico generalmente adquiere jurisdicción cuando
la sentencia apelada queda suficientemente identificada.

DESESTIMACIÓN DE APELACIÓN—FALTA DE JURISDICCIÓN—DEBER DEL APELADO.—
Cuando un apelado desea que se desestime una apelación por falta de juris-
dicción y no se ha presentado la transcripción, es un deber del apelado traer
un certificado del secretario para demostrar el estado del caso ante la corte
inferior.

ID.—ID.—ERRORES EN LA CERTIFICACIÓN DE LA TRANSCRIPCIÓN.—Cuando la trans-
cripción está presentada y aparentemente en orden lógico de fechas, el ape-
lado no puede invocar errores contenidos en la certificación hecha con poco
cuidado, para privar a esta Corte Suprema de jurisdicción, sino que debe
demostrar a la corte, si tal fuera el caso, que está de hecho falta de juris-
dicción.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Luis Montalvo Guenard.*

Abogado del apelado: *Sr. Angel A. Vázquez.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tri-
bunal.

Se trata de una moción para desestimar la apelación.
El primer fundamento es que la apelación es ambigua por
cuanto el aviso deja de especificar de qué parte de la senten-
cia es que se apela. El artículo 296 del Código de Enjui-
ciamiento Civil, dice:

"Una apelación se interpone entregando al secretario de la corte
en que fué dictada o registrada la sentencia o providencia apelada,
un escrito manifestando que se apela de ella, o de determinada parte

de la misma, y presentando idéntica manifestación a la parte contraria o a su abogado.''

El apelante presentó en la Corte de Distrito de Mayagüez una solicitud para que una viuda fuera declarada única heredera de José Romeu y Giacomaggi, y que el peticionario y otros fueran declarados los únicos herederos de dicha viuda. Después de la oposición, de la reconvención y del juicio, la corte dictó una sola sentencia declarando a los opositores herederos de José Romeu, y en la misma sentencia declaró al peticionario y apelante y a otros más herederos de la referida viuda. La teoría del apelado es que el último pronunciamiento favorece al apelante y que por tanto tenía que especificar de qué parte de la sentencia era que apelaba.

Como lo más envuelve lo menos, y como nadie puede apelar de una sentencia que no le perjudica, viene a ser una cuestión de sentido común que el apelante sólo puede apelar de aquella parte del total de la sentencia que le causa perjuicio.

Creemos que el artículo 296, arriba transcrito, da a un apelante la opción de apelar de la sentencia en su totalidad que le perjudique o de cualquiera parte de la misma que le perjudique. Cuando él apela sin especificar, es porque apela de aquella parte que le perjudica. Estamos familiarizados con las apelaciones interpuestas por ambas partes, y es práctica corriente que cada una de ellas apele de la sentencia en su totalidad.

Ni una ni otra parte nos han citado caso alguno que interprete el artículo citado, ya en favor o en contra de la alegación del apelado. En general esta corte adquiere jurisdicción cuando la sentencia apelada queda suficientemente identificada, 3 C. J. 1087, como en este caso.

El apelado también alega que esta corte no ha adquirido jurisdicción por otro motivo. Ese motivo no ha quedado establecido en la moción de desestimación. El apelado menciona el hecho de que esta corte carece de jurisdicción, pero

lo único que hace es repetir en el párrafo (*b*) que ello es por
razón de la ambigüedad a que se refiere el párrafo (*a*).
Luego hace una alegación general en el sentido de que el
récord muestra que esta corte carece de jurisdicción.   Como
el apelado tenía en mente un argumento más concreto, este
método no dió al apelante ni a esta corte oportunidad para
una discusión amplia.   Si tuviéramos duda alguna sobre la
resolución del caso, daríamos al apelante una oportunidad
para ser oído.

Sólo en la vista fué que el apelante alegó que la apela-
ción había venido demasiado tarde.   Esta alegación se basa
sola y exclusivamente en las palabras de la certificación de
la transcripción de autos hecha por los dos abogados.   Des-
pués de expresar que el récord anterior era una transcrip-
ción fiel y exacta de los procedimientos habidos en la corte
inferior, pasan a decir: "para formalizar la apelación que
ha interpuesto el día 30 de enero de 1918 contra la sentencia
notificada al promovente el 21 de diciembre de 1917."   Esta
era una ambigüedad patente.

La especificación de la fecha del aviso de apelación fué
quizás innecesaria, puesto que la certificación de los dos abo-
gados se refería a toda la transcripción.   Si el apelante ad-
mitió la notificación de la sentencia, la única cuestión pen-
diente ante nosotros es cuál es la verdadera fecha de la sen-
tencia y si la apelación fué establecida dentro del término
debido después de esa fecha, o por lo menos desde la fecha de
la notificación.

El récord ante esta corte es la transcripción de los autos
y no la certificación.   Esta sólo tiene por objeto dar validez
a la transcripción.   La sentencia fué fechada en enero 18,
1918.   La apelación fué notificada al apelado en 24 de enero
de 1918 y radicada en enero 30, 1918, y el apelante admite
que fué notificada el 21 de enero de 1918.   Por tanto, la ape-
lación, habiendo sido establecida dentro del duodécimo día
de dictada la sentencia lo fué claramente dentro del término.

La fecha del aviso de la sentencia es inmaterial. Tal fecha consignada en la certificación era errónea.

Por lo general cuando un apelado desea que se desestime una apelación por falta de jurisdicción y no se ha presentado aquí la transcripción, es un deber del apelado traer un certificado del secretario para demostrar el estado del caso ante la corte inferior. Pero cuando la transcripción está presentada y aparentemente en orden lógico de fechas, el apelado no puede invocar errores contenidos en la certificación hecha con poco cuidado para privar a esta corte de jurisdicción, sino que debe demostrar a la corte, si tal fuere el caso, que está de hecho falta de jurisdicción.

La moción debe ser desestimada.

· *Denegada la moción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.